# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |  |
|---|---|---|
| KASIB SEVEN BIZZARD, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV423-004 |
| AUSTIN FORAKER, *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff Kasib Seven Bizzard has filed this case asserting claims arising from his 2018 arrest in Savannah, Georgia and subsequent proceedings. *See* doc. 1 at 8-11. The Court identified apparent facial defects in Bizzard's claims and afforded him an opportunity to amend them. *See* doc. 16. He has complied. *See* doc. 17. In addition to amending his claims against the police officers involved in his initial arrest, Defendants Foraker, Iatrou, and Baldwin, his Amended Complaint adds claims against two prosecutors, former District Attorney Meg Heap and Assistant District Attorney Ian Heap, for malicious prosecution. *See id.* For the reasons explained below, the new claims against the prosecutors

fail, but the claims against the officers are sufficient for service. *See* 28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Bizzard is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Bizzard alleges that he was stopped by police in Savannah, Georgia on December 29, 2018. *See* doc. 17 at 6. He alleges that, "[a]s [he] attempted to walk away," officers forcibly restrained him. *Id.* While he was restrained, he alleges that he was kicked and "handle[d] very roughly." *Id.* at 6-7. He was arrested on several charges. *Id.* at 7. He alleges that officers lacked the requisite suspicion to conduct the original stop. *Id.* He later succeeded in suppressing the evidence collected during

the stop and the charges arising from it were dropped on January 6, 2021. *Id.* at 7-8. He seeks monetary damages in the amount of $1,000,000.00. *Id.* at 14.

Section 1983 claims are subject to the statute of limitations applicable to personal-injury torts under state law. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (internal citation omitted). Under Georgia law, the statute of limitations for such claims is two years. O.C.G.A. § 9-3-33; *see also Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). Generally, the statute of limitations for § 1983 claims begins to run when facts supporting the cause of action are or should be reasonably apparent to the plaintiff. *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (*per curiam*). Although the statute of limitations is often an affirmative defense, it is applicable at screening where it is apparent on the face of a complaint. *See, e.g., Jones v. Bock*, 549 U.S. 199, 215 (2007).

The Fourth Amendment "encompasses the right to be free from excessive force during the course of a criminal apprehension." *Corbitt v. Vickers*, 929 F.3d 1304, 1315 (11th Cir. 2019) (internal quotation marks and citation omitted). "To establish a Fourth Amendment claim for

3

excessive force, a plaintiff must allege (1) that a seizure occurred and (2) that the force used to effect the seizure was unreasonable." *Id.* (internal quotation marks and citation omitted). Although Bizzard alleges the essential elements of a Fourth Amendment excessive-force claim, those allegations make clear that the events occurred at the time of his arrest. *See* doc. 17 at 6-7.

"False arrest and false imprisonment overlap; the former is a species of the latter." *Wallace*, 549 U.S. at 388. "[A] federal . . . claim for false arrest requires the plaintiff to show the absence of probable cause at the time of the arrest." *Hesed-El v. McCord*, 829 F. App'x 469, 472 (11th Cir. 2020). A § 1983 claim for false imprisonment is "based on a detention pursuant to that arrest [that lacked probable cause]." *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996); *see also Wallace*, 549 U.S. at 389 ("[F]alse imprisonment consists of detention without legal process."). As the Eleventh Circuit has explained:

> A § 1983 claim of false imprisonment requires a showing of common law false imprisonment and a due process violation under the Fourteenth Amendment. *See Cannon v. Macon County*, 1 F.3d 1558, 1562–63 (11th Cir.1993), modified on other grounds, 15 F.3d 1022 (1994). The elements of common law false imprisonment are an intent to confine, an act resulting in confinement, and the victim's awareness of confinement. *See id.* at 1562 n. 3. The Fourteenth

4

> Amendment Due Process Clause includes the "right to be free from continued detention after it was or should have been known that the detainee was entitled to release." *Id.* at 1563; *West v. Tillman*, 496 F.3d 1321, 1327 (11th Cir.2007) (per curiam).

*Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009). "[F]alse imprisonment[, or false arrest,] ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace*, 549 U.S. at 389; *see also White v. Hiers*, 652 F. App'x 784, 786 (11th Cir. 2016).

The Court's prior screening of Bizzard's claims determined that the statute of limitations had run on both his excessive-force and false-arrest claims well before his Complaint was filed. *See* doc. 16 at 4-8. His Amended Complaint alleges that those claims did not accrue as the Court previously concluded because "[a]t the time of the assault, excessive use force [sic], illegal search and seizure, plaintiff Bizzard did not know the identity of defendants Baldwin, Foraker, and Iatrou." Doc. 17 at 11. He contends that he did not discover the defendants' identities "until after the [Georgia] Court of Appeals issued it opinion [sic] in State v. Bizzard . . . ." *Id.* at 12. The Court of Appeals' opinion in *Bizzard* was entered on October 23, 2020. *See* 850 S.E.2d 775 (Ga. Ct. App. 2020). Bizzard, thus,

asserts what courts refer to as the "discovery rule" of claim accrual, *i.e.* that "the statute of limitations begins to run on a claim when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 1122-23 (11th Cir. 2017) (internal quotations and citation omitted). In *Foudy*, the Court of Appeals recognized that, in some circumstances, a discovery rule has applied in § 1983 cases involving "constitutional or general civil rights claims." *Id.* at 1123. Given that recognition, dismissal of Bizzard's excessive-force and false-arrest claims against Defendants Baldwin, Foraker, and Iatrou at screening would be inappropriate.[1] *See, e.g., Lindley v. City of Birmingham, Ala.*, 515 F. App'x 813, 815 (11th Cir.

---

[1] To be clear: the Court's conclusion that dismissal of his claims on statute-of-limitations grounds would be inappropriate at screening should not be construed as implicating any determination of the merits of such a defense, if asserted by any defendant.

6

2013). His state-law false arrest and false imprisonment claims may also be served. *See* doc. 17 at 13.[2]

"[T]he tort of malicious prosecution requires a seizure 'pursuant to legal process.'" *Black v. Wigington*, 811 F.3d 1259, 1267 (11th Cir. 2016) (citation omitted). "[S]eizures following an arraignment, indictment, or probable-cause hearing," give rise to malicious prosecution claims. *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020) (citation omitted). In order to establish a § 1983 malicious prosecution claim, "a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free of unreasonable seizures." *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019) (citation and quotation marks omitted); *see also Williams*, 965 F.3d at 1157 ("[T]his Court uses 'malicious prosecution' as only 'a shorthand way of describing' certain claims of unlawful seizure under the

---

[2] Bizzard asserts, generally, claims for "malicious prosecution, malicious arrest, false arrest and false imprisonment," under Georgia law. Georgia law does not appear to recognize any claim for "malicious arrest," distinct from "false arrest." *See, e.g.,* O.C.G.A. 51-7-1 (recognizing a right of action for "false arrest," for "[a]n arrest under process of law, without probable cause, when made maliciously . . . ."); *see also, e.g., Shultz v. Lowe*, 874 S.E. 2d 842, 844-45 (Ga. Ct. App. 2022) ("false or malicious arrest, . . . is detention under process of law" (internal quotation marks omitted) (quoting, *inter alia*. O.C.G.A. § 51-7-1)).

7

Fourth Amendment."). The elements of the common law tort of malicious prosecution include: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Paez*, 915 F.3d at 1285 (citation omitted).

> [T]he favorable-termination element requires only that the criminal proceedings against the plaintiff formally end in a manner not inconsistent with his innocence on at least one charge that authorized his confinement. A formal end to criminal proceedings will satisfy this standard unless it precludes any finding that the plaintiff was innocent of the charges that justified his seizure, which occurs only when the prosecution ends in the plaintiff's conviction on or admission of guilt to each charge that justified his seizure.

*Laskar v. Hurd*, 972 F.3d 1278, 1295 (11th Cir. 2020). A malicious prosecution claim does not accrue until the favorable termination occurs. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994).

Bizzard alleges that the charges arising from his 2018 arrest and search were "dismissed" on January 6, 2021. *See* doc. 17 at 9. That is sufficient to allege a favorable termination. He has also alleged that the original arrest lacked probable cause. At the screening stage, the Court infers malice from the allegation that probable cause was lacking. *Cf. Luke v. Gulley*, 50 F.4th 90, 97 (11th Cir. 2022) (recognizing that malice

8

may be inferred from absence of probable cause, for purposes of common law element of malicious prosecution claim). The Court's prior Order expressed skepticism that Bizzard alleged that the police officers were the cause of the subsequent prosecution. *See* doc. 16 at 10. Bizzard's Amended Complaint includes an express allegation, albeit one that appears substantially conclusory, that they were. *See* doc. 17 at 11. That allegation is sufficient, if only barely, to warrant service of his malicious prosecution claims upon Baldwin, Foraker, and Iatrou.

Bizzard's malicious prosecution claims against Defendants Meg and Ian Heap fail, however. Prosecutors are immune from § 1983 liability where their alleged malfeasance stems from their "function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). They enjoy "absolute immunity for the initiation and pursuit of criminal prosecution," even when accused of perjury. *Id.; see also Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutorial immunity applied to allegations prosecutor knowingly used perjured testimony and suppressed material evidence at trial); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution even if he did so with malicious intent); *Fullman*

…

*v. Graddick*, 739 F.2d 553, 559 (11th Cir. 1984) (determining prosecutor entitled to immunity from § 1983 liability for allegedly conspiring to withhold evidence and to create and proffer perjured testimony).

Prosecutorial immunity "extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State.'" *Jones*, 174 F.3d at 1281 (citation omitted).

> Prosecutorial immunity applies, for instance, to the prosecutor's actions in initiating a prosecution and presenting the State's case. A prosecutor is immune for malicious prosecution. Prosecutors are immune for appearances before a court and conduct in the courtroom, including examining witnesses and presenting evidence in support of a search warrant during a probable cause hearing.

*Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (citations omitted). Bizzard's allegations against Meg and Ian Heap fall squarely within the actions for which prosecutors are immune from suit. *See, e.g.,* doc. 17 at 9 (alleging Meg and Ian Heap "violated his . . . constitutional rights when they knowingly and with malice instituted criminal proceedings against him . . . ."). Prosecutors are similarly immune from suits for malicious prosecution under Georgia law. *See McSmith v. Brown*, 732 S.E.2d 839, 839-40 (Ga. Ct. App. 2012); *see also Hall v. Ga. Dept. of Pub. Safety*, 2015
10

WL 12867005, at *10 (N.D. Ga. June 30, 2015) ("Similar to the immunity applicable to claims under § 1983, Georgia law recognizes that prosecutorial immunity extends to a prosecutor's decision to file formal criminal charges against an individual." (internal quotation marks and citation omitted)).  Bizzard's claims against Defendants Meg and Ian Heap are, therefore, barred by the doctrine of prosecutorial immunity.

In summary, Bizzard's § 1983 excessive force, false arrest, false imprisonment, and malicious prosecution claims, and his state-law false arrest, false imprisonment, and malicious prosecution claims against Defendants Baldwin, Foraker, and Iatrou are sufficient for service upon those defendants.  His malicious prosecution claims against Defendants Meg and Ian Heap are **DISMISSED**, as barred by prosecutorial immunity.

Since the Court approves for service Bizzard's claims against defendants Baldwin, Foraker, and Iatrou, a copy of Plaintiff's Complaint, doc. 1, Amended Complaint, doc. 17, and a copy of this Order shall be served upon those defendants by the United States Marshal without prepayment of cost.  The Court **DIRECTS** the Clerk of Court to serve a

copy of this Order upon Plaintiff. The Court also provides the following instructions to the parties that will apply to the remainder of this action.

## INSTRUCTIONS TO ALL DEFENDANTS IN THIS ACTION

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.5. A defendant has a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d). Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that any Defendant in this action is granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendants are further advised the Court's standard 140-day discovery period will commence upon the

filing of the last answer.  Local R. 26.1.  Defendants shall ensure all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

If a Defendant takes the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30.  As Plaintiff will not likely attend such a deposition, the Defendant taking the deposition must notify Plaintiff of the deposition and advise him that he may serve on that Defendant written questions Plaintiff wishes to propound to the witness, if any.  Defendants shall present such questions to the witness in order and word-for-word during the deposition.  Fed. R. Civ. P. 30(c).  Plaintiff must submit the questions in a sealed envelope within 10 days of the notice of deposition.

## INSTRUCTIONS TO PLAINTIFF

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action.  Local R. 11.1.  Plaintiff's failure to notify the Court of a change in his address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the

Court on each Defendant (or, if appearance has been entered by counsel, the Defendant's attorney). Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from a Defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 to Fed. R. Civ. P. 37. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Id. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons.  See Fed. R. Civ. P. 33.  Interrogatories may be served only on a **party** to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are **not named** as a defendant.  Interrogatories are not to contain more than 25 questions.  Fed. R. Civ. P. 33(a).  If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court.  If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.  Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.5.

Plaintiff has the responsibility for maintaining his own records of the case.  If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.  **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will**

**authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for failure to prosecute. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant. Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. Failure to respond shall indicate that there is no opposition to a motion. Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in a Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That

burden cannot be met by reliance on the conclusory allegations contained within the complaint.  If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if he wants to contest Defendant's statement of the facts.  If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED,** this 21st day of April, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA